IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: | ) CASE NO. 24-10065-KHK |
| FAISAL KHAN | ) Chapter 13 |
| Debtor | ) |

## UNITED BANK'S OBJECTION TO DEBTOR'S MOTION TO INCUR POST-PETITION INDEBTEDNESS

United Bank ("United), by counsel, hereby files its Objection to Debtor's Motion to Incur Post-Petition Indebtedness (docket entry #24)("Debtor's Motion") filed by Debtor, and for grounds states as follows:

1. United is the holder of two Loans made by the Debtor.

2. The First Loan (the "First Loan") is dated July 28, 2016 in the original principal amount of Eight Hundred Twenty-Five Thousand Dollars ($825,000.00), secured by a Deed of Trust recorded in Deed Book 24678 at Page 1376 among the land records of Fairfax County, Virginia (the "First Deed of Trust"), which is a First Deed of Trust against property owned by the Debtor bearing an address of 9709 Georgetown Pike, Great Falls, VA 22066 (the "Property").

John B. Connor, VSB 16801
John B. Connor, P.L.C.
100 North Pitt Street, Suite 200
Alexandria, VA 22314
Telephone: (703) 836-9770
Facsimile: (703) 836-1799
E-Mail: jack@johnbconnor.com
Counsel for United Bank

3.      United has filed a Proof of Claim in this case, Proof of Claim #12, stating that as of January 15, 2024 the principal amount owed under the First Loan is Eight Hundred Eighty-Two Thousand Two Hundred Twenty and 23/100ths Dollars ($882,220.23). Interest is owed in the amount of Two Hundred Thirty Thousand Six Hundred Forty-Nine Dollars ($230,649.00), Late charges are owed in the amount of Four Thousand Five Hundred Thirty-Four and 55/100ths Dollars ($4,534.55) and attorneys fees/appraisal fees are owed in the amount of Twenty-Three Thousand Nine Hundred Twenty-Nine and 89/100ths Dollars ($23,929.89), for a total indebtedness of One Million One Hundred Forty-One Thousand Three Hundred Thirty-Three and 67/100ths Dollars ($1,141,333.67), which continues to increase in accordance with the First Loan Documents.

4.      The Second Loan (the "Second Loan") is dated April 14, 2017 in the original principal amount of Two Hundred Thirty Thousand Dollars ($230,000.00), secured by a Deed of Trust recorded in Deed Book 25010 at Page 816 among the land records of Fairfax County, Virginia, which is a Second Deed of Trust against the Property (the "Second Deed of Trust"),

5.      United has filed a Proof of Claim in this case, Proof of Claim #13, stating that as of January 15, 2024 the principal amount owed is Two Hundred Fourteen Thousand Six Hundred Fifty and 37/100ths Dollars ($214,650.37). Interest is owed in the amount of Eighteen Thousand Four Hundred Ninety-Five and 25/100ths Dollars ($18,495.25), Late charges are owed in the amount of Nine Hundred Sixty-Three and 09/100ths Dollars ($963.09), for a total indebtedness of Two Hundred Thirty-Four Thousand One Hundred Eight and 71/100ths Dollars ($234,108.71), which continues to increase in accordance with the Second Loan Documents.

6. United had scheduled for January 17, 2024 at 1:00 PM at the Fairfax County Circuit Courthouse building located at 4110 Chain Bridge Road, Fairfax, VA, a foreclosure under the terms of the First Deed of Trust. On January 15, 2024 the Debtor filed this Chapter 13 case to thwart the First Deed of Trust foreclosure by United.

OBJECTION TO MOTION TO INCUR POST-PETITION INDEBTEDNESS

7. United admits the allegations of paragraph 1 of the Debtor's Motion.

8. United is without knowledge to admit or deny the allegations of paragraph 2 of the Debtor's Motion and therefore denies the same and demands strict proof.

9. As phrased, United denies the allegations of paragraph 3 of Debtor's Motion. Debtor's Motion states the Debtor's sole source of income is currently rental income in the amount of One Thousand Three Hundred Dollars ($1,300.00) per month from his real property. However, in Debtor's Schedules that were filed in this Court on February 6, 2024, Schedule I Official Form 1061 filed under oath, Question 8(a) requires a statement from each property and business showing gross receipts, ordinary and necessary business expenses and the total monthly net income, which is not included in Debtor's Schedules.

10. As phrased, United denies the allegations of paragraph 4 of Debtor's Motion because it states he needs immediate cash flow in order to make Post-Petition adequate protection payments on his principal residence and vehicles. The unrealistic Plan that Debtor has filed (docket entry #19) states he proposes to pay the Trustee the sum of One Hundred Dollars ($100.00) per month for twelve (12) months, then Thirty-Five Thousand Three Hundred Fifty-Six and 70/100ths Dollars ($35,356.70) per month for twenty-four (24) months, all at the same time, not having any regular income. The Debtor's Schedule J he has filed,

Official Form 106J, states his monthly expenses are Nine Thousand Sixty-Four and 39/100ths Dollars ($9,064.39). It's a statement of the obvious that even if the Debtor's Motion were approved and the Debtor received Three Thousand Five Hundred Dollars ($3,500.00)/month, the "numbers don't work."

11. United denies the allegations of paragraph 5 of Debtor's Motion and demands strict proof. Debtor's Motion seeks approval of financing from Preferred Capital Funding – Virginia, LLC in the amount of Forty-Three Thousand One Hundred Two and 20/100ths Dollars ($43,102.20). However, the agreement attached to Debtor's Motion as Exhibit A states that of the proceeds of the loan, only Three Thousand Five Hundred Dollars ($3,500.00) will be payable to the Debtor, with Thirty-Nine Thousand Six Hundred Two and 20/100ths Dollars ($39,602.20) payable to Cash Now Funding Group LLC. Moreover, the agreement in paragraph 31 states that the Debtor's attorney is Kevin Swenson of St. George, UT, and there are two (2) Attorney Acknowledgements of Assignment of Proceeds of Claim attached to the agreement, both unsigned, one by Mr. Kevin Swenson of Swenson & Shelley PLLC stating he's counsel to the Debtor, and the other by Grant Lawson of Metier Law Firm, also stated as counsel to the Debtor. However, the only actual counsel to the Debtor is Mr. Lawson of the Metier Law Firm, as he is listed as counsel for the Debtor in the pending personal injury case in the U.S. District Court of Wyoming (Cheyenne), Civil Docket 2:23-cv-00106-ABJ (the "Wyoming Lawsuit"). It's noted that <u>none</u> of the documents attached to the Debtor's Motion have any signature, except those of the Debtor. A review of the Civil Docket for the Wyoming Lawsuit states that the operative Second Amended Complaint filed by the Debtor was filed on March 4, 2024 with the Wyoming Lawsuit in the very preliminary stages of pleading.

12. United denies the allegations of paragraph 6 of the Debtor's Motion and denies that the Agreement won't adversely impact the Chapter 13 case or the Debtor's Plan of Reorganization because the total repayment amount will be insignificant compared to the estimated recover from the claims. A reading of the Agreement shows that the Forty-Three Thousand One Hundred Two and 20/100ths Dollars ($43,102.20) will increase to One Hundred Sixty Thousand Five Hundred Fourteen and 99/100ths Dollars ($160,514.99) and that those funds are assigned by the Debtor to Preferred Capital Funding – Virginia, LLC. That is hardly an insignificant increase and will definitely adversely affect the Debtor's Plan of Reorganization.

13. The premise of the entirety of Debtor's filing, in addition to thwarting United's attempts to foreclose on its collateral and the underlying premise of the Debtor's Motion is that the Debtor states recovery is estimated to be more than Six Million Dollars ($6,000,000.00) from the Wyoming Lawsuit, and ultimately that may be true, but at this point in time it's purely speculative and the request contained in the Debtor's Motion is not in United's best interest, nor in the best interest of any other of Debtor's creditors, and frankly United fails to see how legitimately it may be said to be in Debtor's interest. Once again, it must be remembered that the Second Amended Complaint in the Wyoming Lawsuit was filed this week on March 4, 2024. Agreement that is the subject of Debtor's Motion is that the recovery is estimated to be more than Six Million Dollars ($6,000,000.00) may be true, but at this point in time, it's purely speculative and such an arrangement is not in United's best interest, nor in the best interest of any other of Debtor's creditors.

RELIEF REQUESTED

United requests: (a) this Honorable Court enter an Order denying Debtor's Motion; and (b) any other relief the Court deems just and proper under the circumstances..

UNITED BANK
By Counsel

Dated:  March 7, 2024

/s/ John B. Connor
John B. Connor, (VSB #16801)
John B. Connor, P.L.C.
100 North Pitt Street, Suite 200
Alexandria, VA 22314
Telephone: 703/836-9770
Facsimile: 703/836-1799
E-Mail: jack@johnbconnor.com
Counsel for United Bank

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing United Bank's Objection to Debtor's Motion to Incur Post-Petition Indebtedness was sent postage prepaid first-class mail this 7th day of March 2024 to:

Faisal Khan
9709 Georgetown Pike
Great Falls, VA 22066
(Debtor)

Ashvin Pandurangi
Ashvin Pandurangi, PLC
211 Park Ave.
Falls Church, VA 22046
(Debtor's Attorney)

Thomas P. Gorman, Trustee
Thomas P. Gorman, Chapter 13 Trustee
1414 Prince St.
Suite 202
Alexandria, VA 22314

6

U.S. Trustee
Gerard R. Vetter
Office of the U.S. Trustee – Region 4
1725 Duke Street, Suite 650
Alexandria, VA 22314

/s/ John B. Connor
John B. Connor